IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
BLAIR CONSTRUCTION, INC. and    )
WILLIAM F. BLAIR,               )
                                )
               Plaintiff,       )    CIVIL ACTION
                                )
v.                              )    No.  06-1010-MLB
                                )
FORTIS BENEFITS INSURANCE COMPANY, )
                                )
               Defendant.       )
                                )
```

## MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion to remand. (Doc. 8). The motion has been fully briefed and ripe for decision. (Docs. 8, 9). Plaintiff's motion is granted, for the reasons herein.

**I.  Procedural History**

On November 9, 2005, plaintiff initiated this action against defendant in Butler County, Kansas. On December 1, Sandy Praeger, the Commissioner of Insurance for the state of Kansas, received the Summons and Petition. Praeger sent the summons and petition to Judith Titera in Milwaukee, Wisconsin, on December 1. (Docs. 1 at 5; 8 at exhs. A, B).

On January 11, 2006, defendant filed a notice of removal in this court. On January 18, defendant filed an answer. On January 19, plaintiff moved to remand the action to state court on the basis that defendant had filed its notice for removal more than thirty days after receiving the petition. Defendant responded that the thirty day time period has not elapsed since it was not properly served. (Docs. 1, 7, 8, 9).

**II.  Analysis**

Pursuant to 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The question for the court is on what date defendant received service.  Plaintiff maintains that the date is when the Commissioner of Insurance was served, while defendant asserts the date of service on the commissioner does not amount to service on defendant since the commissioner failed to comply with the statutory requirements.  The statutory requirements on service of process to the Commissioner are as follows:

> Every insurance company, or fraternal benefit society, on applying for authority to transact business in this state, and as a condition precedent to obtaining such authority, shall file in the insurance department its written consent, irrevocable, that any action or garnishment proceeding may be commenced against such company or fraternal benefit society in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the commissioner of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation. Such consent shall be executed by the president and secretary of the company, authenticated by the seal of the corporation, and shall be accompanied by a duly certified copy of the order or resolution of the board of directors, trustees or managers authorizing the president and secretary to execute the same. The summons, accompanied by a fee of $25, shall be directed to the commissioner of insurance, and shall require the defendant to answer by a certain day, not less than 40 days from its date.
>
> Service on the commissioner of insurance of any process,

-2-

> notice or demand against an insurance company or fraternal benefit society shall be made by delivering to and leaving with the commissioner or the commissioner's designee, the original of the process and two copies of the process and the petition, notice of demand, or the clerk of the court may send the original process and two copies of both the process and petition, notice or demand directly to the commissioner by certified mail, return receipt requested. **In the event that any process, notice or demand is served on the commissioner, the commissioner shall immediately cause a copy thereof to be forwarded by certified mail, return receipt requested to the insurance company or fraternal benefit society address to its general agent if such agent resides in this state or to the secretary of the insurance company or fraternal benefit society sued at its registered or principal office in any state in which it is domesticated.** The commissioner of insurance shall make return of the summons to the court from whence it issued, showing the date of its receipt, the date of forwarding such copies, and the name and address of each person to whom a copy was forwarded. Such return shall be under the hand and seal of office, and shall have the same force and effect as a due and sufficient return made on process directed to a sheriff. The commissioner of insurance shall keep a suitable record in which shall be docketed every action commenced against an insurance company, the time when commenced, the date and manner of service; also the date of the judgment, its amount and costs, and the date of payment thereof, which shall be certified from time to time by the clerk of the court.

K.S.A. 40-218 (emphasis supplied).

In September 2005, defendant filed an amended designation with the Kansas Insurance Commissioner. That designation noted that defendant's name had changed from Fortis Benefits to Union Security Insurance Company (Union). The Secretary of Union is Katherine Greenzang. On December 1, however, the commissioner forwarded the petition and summons to Judith Titera, the Secretary of Fortis. According to the statute, the commissioner was to forward a copy to the Secretary of defendant. The name of the Secretary changed in September. Defendant argues that service is invalid since "failure to comply with [all] statutory requirements renders the attempted

-3-

service on defendants void." (Doc. 9 at 3). While defendant may be correct, the court finds that it has waived the defense of insufficient service of process.

Fed. R. Civ. P. 12(h)(1) states that a defense of insufficiency of service of process is waived if it is not raised in a motion or included in a responsive pleading. Defendant submitted its answer on January 18 and failed to raise insufficiency of service of process as a defense. A day later, on January 19, plaintiff moved to remand. Accordingly, defendant has waived this defense and cannot assert it in response to plaintiff's motion to remand. Since service was proper, the court must determine the date on which service occurred.

K.S.A. 40-218 mandates that service upon the commissioner constitutes service upon the insurance company. Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1242 (D. Kan. 2002). Defendant was thus in receipt of the complaint at the same time the commissioner was served. Id.; accord Kost v. United Parcel Serv., 926 F. Supp. 1022, 1023 (D. Kan. 1996) (finding that under Kan. Stat. Ann. § 40-218, "[t]he Department of Insurance is, in effect, the local agent for service for all insurance companies in Kansas."). Since the commissioner was served on December 1, 2005, defendant was required to file his notice of removal prior to December 31, 2005. 28 U.S.C. § 1446(b). Defendant did not do so.

Accordingly, plaintiff's motion to remand is granted.

### III. CONCLUSION

Plaintiff's motion to remand (Doc. 8) is granted. The clerk is directed to immediately remand this case to the District Court of Butler County, Kansas.

IT IS SO ORDERED.

Dated this   8th   day of March 2006, at Wichita, Kansas.

                                            s/ Monti Belot
                                            Monti L. Belot
                                            UNITED STATES DISTRICT JUDGE